IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31054
Summary Calendar

_____

RAYMUNDO VENEGAS,

Petitioner-Appellant,

versus

R. D. MILES, Warden, Federal
Detention Center Oakdale,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-586
- - - - - - - - - -

March 25, 1999

Before KING, Chief Judge, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raymundo Venegas, a federal prisoner (# 04564-078), appeals the district court's denial of his 28 U.S.C. § 2241 petition. Although Venegas' current § 2241 petition is successive, see § 2244(a), the district court sua sponte chose to address the merits of his claims. Venegas has again challenged the Bureau of Prisons' ("BOP") having denied him eligibility under 18 U.S.C. § 3621(e)(2)(B) to receive a one-year sentence reduction for successfully completing a substance-abuse treatment program,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on the BOP's determination that a defendant who is convicted of a firearm charge, in violation of 18 U.S.C. § 922(g), is ineligible for the reduction because it applies only to "nonviolent" offenders. See BOP Program Statement ("PS") 5612.02, Section 7 (July 24, 1995).

This court has already once rejected such claim by Venegas. Venegas v. Henman, 126 F.3d 760, 763, 765 (5th Cir. 1997). To the extent that Venegas attempts to argue the claim under other legal bases, it is likewise meritless. The BOP's application of BOP PS 5612.02 to him was not ex post facto. See Royal v. Tombone, 141 F.3d 596, 603 (5th Cir. 1998). The BOP was not equitably estopped from denying Venegas early-release eligibility. See Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 474 (5th Cir. 1997). Finally, Venegas' vague equal protection and due process challenges, which were raised for the first time in response to the magistrate judge's recommendation that his § 2241 petition be denied, are extremely vague and speculative and do not warrant relief. See United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993).

Venegas' motion for appointment of counsel is DENIED as his claims do not implicate the "interests of justice." See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985).

AFFIRMED; MOTION FOR APPOINTED COUNSEL DENIED.